UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | CR No. 1:12-MJ-261A |
| | : | |
| DENIS QUIRKE | : | |

**MEMORANDUM AND ORDER**

Defendant is before the Court charged by Criminal Complaint with violating 18 U.S.C. § 1542 by making false statements in an Application for a U.S. Passport on December 6, 2011. The Affidavit alleges that Defendant, an Irish national, "entered the Point Fort Boston Post Office and executed a Passport Application" falsely utilizing the name and identity of another who is a U.S. citizen. Defendant moves to dismiss for improper venue because the alleged offense was committed in Massachusetts and not Rhode Island. (Document No. 7). The Motion was heard on September 21, 2012. For the following reasons, the Motion is GRANTED, and this Criminal Complaint shall be DISMISSED without prejudice due to improper venue.

Under the Constitution, a criminal defendant must be tried in the District where the crime was allegedly "committed." U.S. Const. Art. III, § 2 and amend. VI. Additionally, Rule 18, Fed. R. Crim. P., provides that "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed."

Here, Defendant is charged with violating 18 U.S.C. § 1542 (making a false statement in a passport application). The elements of the offense are (1) knowingly making a false statement on a U.S. Passport application; and (2) doing so with intent to secure issuance of a passport. United States v. Tetioukhine, CR No. 11-058ML, 2011 WL 5926187 (D.R.I. Nov. 28, 2011). "[P]assport

fraud is complete at the moment an applicant makes a knowingly false statement in an application with a view toward procuring a passport." United States v. Salinas, 373 F.3d 161, 165 (1st Cir. 2004).

Defendant relies upon the First Circuit's ruling in Salinas and argues that, since the alleged false statement was made in Massachusetts and not in Rhode Island, proper venue lies only in the District of Massachusetts where the crime was allegedly committed. In Salinas, the First Circuit considered the issue of whether venue for a passport fraud charge "can be laid in the district in which the State Department chooses to process a passport application even though that district has no other link to the offender or the offense." Salinas, 3723 F.3d at 162. It answered the question in the negative holding that "the relevant statutory framework does not support venue at the site of processing" under such circumstances. Id.

This is not a case where the Government is seeking to prosecute a passport fraud case in the District of the processing center. It is also not a case where the Government is seeking to prosecute a passport fraud case in a District with "no other link to the offender or the offense." Here, the Affidavit alleges that Defendant requested that the passport in question be mailed to a property he owns in this District and that Defendant presented a "Rhode Island picture identification" when filing the passport application. See also Gov't Exh. 1. Thus, this case is not factually on "all fours" with Salinas. However, although a factually distinct case, the First Circuit's legal conclusions regarding the offense of passport fraud are highly relevant and instructive to this Court's analysis of the venue issue.

The Government contends that Salinas is not controlling because of this District's ties to the Defendant and the charged offense. It also argues that, despite Rule 18's dictate that an offense be

prosecuted in the District where it was committed, venue in this District is proper under 18 U.S.C. § 3237(a). Under 18 U.S.C. § 3237(a), an offense "begun in one district and completed in another, or committed in more than one district, may be...prosecuted in any district in which such offense was begun, continued, or completed." The Government contends that Defendant began to commit this offense in Rhode Island by obtaining a false Rhode Island identification card with his photograph because a passport applicant must present proof of identity with the application. See United States v. Doe, 661 F.3d 550, 553 (11th Cir. 2011).

In Salinas, the First Circuit held that "18 U.S.C. § 1542 creates a classic point-in-time offense: at the moment that an applicant makes a false statement with intent to procure a passport, the crime is complete." 373 F.3d at 168. It also noted that "Congress has not provided any hint that it intended venue in such a situation to extend beyond the place of the false statement." Id. at 169 (emphasis added).

The Government's reliance on 18 U.S.C. § 3237(a) is not persuasive. First, that provision applies only to crimes which constitute a "continuing offense" and the First Circuit in Salinas expressly rejected the applicability of Section 3237(a) to the crime of passport fraud.[1] As noted, the First Circuit distinguished point-in-time offenses from continuing offenses and found passport fraud to be "a classic point-in-time offense." Id. at 165-168. Second, the Government's argument that Defendant "began" to commit the offense in Rhode Island is not supported by the law. Since passport fraud is a "point-in-time" crime and not a continuing offense, it follows that it must begin

---

[1] In United States v. Scott, 270 F.3d 30, 35 (1st Cir. 2001), the First Circuit observed that venue must be determined in part by "the location (or, if the crime is a continuing one, locations) of the commission of the criminal acts" and noted that Section 3237(a) codified the concept of venue for crimes consisting of "distinct parts." Passport fraud does not have distinct parts – it is a point-in-time offense requiring a knowing false statement on a Passport application made with intent to obtain a passport. See Tetioukline, 2011 WL 5926187 at *5. Thus, Section 3237(a) is not applicable.

and end at the same time and place. A passport application must be presented in person and executed under penalty of perjury in the presence of the State Department's designated passport acceptance agent – in this case, a postal clerk. See 22 C.F.R. §§ 51.1(e) and 51.21(a). Thus, the crime charged in this case was allegedly committed and completed exclusively on December 6, 2011 in Boston, Massachusetts and thus venue is proper only in the District of Massachusetts. See United States v. Ramirez, 420 F.3d 134, 139 (2nd Cir. 2005) ("when a crime consists of a single, non-continuing act, the proper venue is clear; the crime is committed in the district where the act is performed.").

Defendant is not charged with any act related to the acquisition of the Rhode Island identification card. The Criminal Complaint alleges only a violation of 18 U.S.C. § 1542 by knowingly making a false statement in a passport application. While Defendant may have taken prepatory or planning steps regarding this crime in Rhode Island, he did not "begin" to allegedly make his false statement in Rhode Island and then complete it at a later time in Massachusetts. He allegedly made the false statement at one singular "point-in-time" on December 6, 2011 in Boston, Massachusetts. See United States v. Smith, 641 F.3d 1200, 1208 (10th Cir. 2011) (rejecting "substantial contacts" venue approach and recognizing that "[t]he Constitution and Rule 18 are clear: a crime must be prosecuted in the district where it was committed.") (emphasis in original). Thus, pursuant to the Constitution and Rule 18, Fed. R. Crim. P., this charge must be prosecuted in Massachusetts and shall be dismissed without prejudice for improper venue in this District.

For the foregoing reasons, Defendant's Motion to Dismiss for Improper Venue (Document No. 7) is GRANTED. This case will be DISMISSED without prejudice due to improper venue at the time of the Defendant's scheduled appearance in Court on September 26, 2012 at 2:00 p.m.

which will allow the Government sufficient opportunity to either apply for a Criminal Complaint in the District of Massachusetts and pursue this prosecution in that District or appeal to a District Judge of this District and seek a stay of this dismissal order pending appellate review.

SO ORDERED

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 24, 2012